IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| JASON MCPHERSON, | ) | CASE NO. 1:25-cv-02076-CEF |
|---|---|---|
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| v. | ) | MAGISTRATE JUDGE REUBEN J. SHEPERD |
| GENERATIONS BEHAVIORAL HEALTH GENEVA LLC, | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

I.   **Introduction and Procedural History**

On September 20, 2025, Plaintiff Jason McPherson ("McPherson"), then represented by counsel, filed a Complaint, with attachments in support, against Defendant Generations Behavioral Health Geneva, LLC ("Generations Behavioral Health") raising claims for disability discrimination, retaliation, and failure to accommodate under O.R.C. § 4112.02 and the Americans with Disabilities Act. (ECF Doc. 1, pp. 5-11).

On October 1, 2025, McPherson's counsel, Attorney Rachel Sabo Friedmann, moved to withdraw. (ECF Doc. 3, p. 1). Attorney Friedmann moved to withdraw "because of issues communicating with [McPherson], making her continued representation of him impossible." (*Id.* at p. 2). The Court granted Attorney Friedmann's motion to withdraw and stated that McPherson must have new counsel enter an appearance on his behalf within 45 days of the date of the order. (ECF Doc. 4). McPherson failed to enter an appearance on his behalf or submit any other filing. (ECF Doc. 8). The Court ordered that McPherson proceed without counsel and represent himself unless and until McPherson obtains counsel who enters an appearance. (*Id.*).

1

The Court referred the matter to me for general pretrial supervision and resolution of non-dispositive motions. (Non-document entry of Dec. 1, 2025). The referral was mailed to McPherson at 9450 Norwood Drive Brentwood, TN 37027. (*Id.*).

On December 2, 2025, I set a status conference for December 18, 2025, at 11:00 AM to be held telephonically. (Non-document entry of Dec. 2, 2025). A Notice of Status Conference (including call-in instructions) was mailed to McPherson. (*Id.*). McPherson failed to appear for the status conference on December 18, 2025. (Non-document entry of Dec. 18, 2025). The Court stated it would consider adverse action if McPherson failed to attend the reset status call set for early January. (*Id.*). A copy of the status conference minutes was mailed to McPherson. (*Id.*).

On December 22, 2025, I set a status conference set for January 12, 2026, at 11:00 AM to be held telephonically. (Non-document entry of Dec. 22, 2025). A Notice of Status Conference (including call-in instructions) was mailed to McPherson. (*Id.*). McPherson again failed to appear for the status conference on January 12, 2026. (Non-document entry of Jan. 12, 2025). Because he twice failed to appear, a Show Cause Hearing was set for January 27, 2026, at 9:00 AM (Non-document entry of Jan. 12, 2025 and Jan. 14, 2026). The status conference minutes, and a Notice of Hearing was mailed to McPherson. (*Id.*). On January 27, 2026, I conducted a show cause hearing. (Non-document entry of Jan. 27, 2025). Attorney Sarah S. Chiappone participated on behalf of Defendant, but McPherson failed to appear for the hearing, making this his third failure to appear. (*Id.*). A copy of the minutes of proceedings to show cause hearing were mailed to McPherson and stated, "[a] recommendation of dismissal . . . is forthcoming." (*Id.*).

**II.     Discussion**

McPherson has not attended two status conferences, failed to appear at the show cause hearing, and otherwise failed to respond to any of the Court's notices, effectively stalling his

case. Because McPherson has failed to appear on three occasions, I recommend the District Court dismiss his case in its entirety without prejudice to refile. Although Generations Behavioral Health has a pending counterclaim against McPherson, it has indicated it will dismiss its claims should the District Court dismiss McPherson's claims against it, leaving no pending issues before this Court. (*See* non-document entry of Jan. 27, 2026).

"The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017), quoting *Rogers v. City of Warren*, 302 F. App'x. 371, 375 (6th Cir. Nov. 26, 2008). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order"; and (3) the court's inherent authority to "'protect [ ] the due and orderly administration of justice, and . . . maintain[ ] the authority and dignity of the court.'" *Id*., quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005).

The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). While "[p]ro se plaintiffs are held to less stringent standards than attorneys . . . cases filed by pro se plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders." *Wingate*, 2017 WL 1251093, at *4.

The Sixth Circuit has articulated four factors, none of which are dispositive, that a district court should weigh when considering whether to dismiss an action:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008).

Here, as to the first factor, McPherson's failure is willful. McPherson failed to attend two court-ordered status conferences and a court-ordered show cause hearing. (Non-document entry of Dec. 18, 2025, Jan. 12, and Jan. 27, 2026). McPherson has failed to file any submission since his counsel withdrew due to his inadequate communication. McPherson's pro se status does not excuse him from following "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). As a result, McPherson's failure to participate is willful and this factor weighs in support of dismissal.

As to the second factor, McPherson's conduct prejudiced the adversarial party. This factor also favors dismissal because Generations Behavioral Health incurred time and expense in preparing for and attending multiple court conferences and a show cause hearing where McPherson failed to appear. *See Wingate*, 2017 WL 1251093, at *5 (holding that the defendant was prejudiced where defense counsel expended time, money, and effort to prepare for and attend multiple court proceedings at which the plaintiff did not appear).

As to the third factor, McPherson was warned about the possible result of his failure to participate. I warned McPherson in the minutes of the status conference on December 18, 2025, mailed to him, if he failed to appear at the following status conference, "[t]he Court [would] consider adverse action." (Non-document entry of Dec. 18, 2025). I once again warned

4

McPherson in the minutes of the status conference on January 12, 2026, mailed to him, if he failed to appear at the show cause hearing, he would "risk a recommendation of dismissal of his case without prejudice." (Non-document entry of Jan. 12, 2026). McPherson failed to appear at the show cause hearing and the minutes mailed to McPherson stated that "[a] recommendation of dismissal . . . without prejudice is forthcoming." (Non-document entry of Jan. 27, 2026). Out of appreciation for a defendant's right to fair and timely resolution of litigation, pro se litigants should not "be accorded special consideration" when they fail to adhere to readily comprehended court deadlines. *See Jourdan*, 951 F.2d at 110. Because McPherson's failure to participate has been related to straightforward procedural issues, such as telephonic status conferences and compliance with basic court orders, and because he was warned of the consequences for his failure to participate, this factor weighs in favor of dismissal.

As to the fourth factor, the Court has considered alternative sanctions. *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (a district court is not required "to incant a litany of the available lesser sanctions"). I have considered lesser sanctions but conclude that no sanction short of dismissal of McPherson's claims without prejudice would protect the integrity of the pretrial process. McPherson has been warned on multiple occasions that failure to appear at court-mandated conferences could result in dismissal of his claims, but he has not appeared and has made no meaningful effort to explain his absences. (Non-document entry of Dec. 18, 2025, Jan. 12, and Jan. 27, 2026). Under the circumstances, there is no reason to believe that a lesser sanction would secure McPherson's compliance with court orders. *See Wingate*, 2017 WL 1251093, at *6 (holding that less drastic sanctions than dismissal was "unlikely to elicit a response" where plaintiff "failed, again and again, to appear for Court proceedings when ordered to do so" despite prior warnings that sanctions may be imposed).

After careful consideration, I conclude that the dismissal should be without prejudice rather than with prejudice. "[D]ismissal with prejudice is the most powerful sanction available" for failure to prosecute. *Napier*, 2015 WL 13730925, at *3. "[C]ourts within this Circuit have noted that a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice." *Wingate*, 2017 WL 1251093, at *6 (recommending dismissal without prejudice rather than with prejudice). Neither party's claims have progressed past the pleadings stage and have not been considered on the merits. Therefore, dismissal without prejudice appears an appropriate course, tailored to the circumstances of the case.

## III. Conclusion

Because McPherson has failed to appear on three occasions, I recommend the District Court dismiss his case without prejudice to refile.

Dated: February 19, 2026

Reuben J. Sheperd
United States Magistrate Judge

_____

## OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the

United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).