**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON MCPHERSON, | ) | CASE NO. 1:25-cv-02076 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE REUBEN J. |
| | ) | SHEPARD |
| GENERATIONS BEHAVIORAL HEALTH | ) | |
| GENEVA LLC, | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE JUDGE'S REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |

On September 20, 2025, Plaintiff Jason McPherson ("Plaintiff"), then represented by counsel, filed a complaint against Defendant Generations Behavioral Health Geneva, LLC, ("Defendant") for violations of the Americans with Disabilities Act and Ohio Revised Code § 4112.02.  (ECF No. 1).  On October 1, 2025, Plaintiff's then-counsel, Attorney Rachel Sabo Friedmann, moved to withdraw.  (ECF No. 3).  The Court granted Attorney Friedmann's motion to withdraw and ordered Plaintiff to obtain new counsel to enter an appearance on his behalf within 45 days.  (ECF No. 4).  Plaintiff failed to enter any appearance on his behalf or submit any additional filing.  On December 1, 2025, the Court ordered that Plaintiff proceed without counsel and represent himself unless and until Plaintiff obtained counsel.  (ECF No. 8).  On the same date, the Court referred the matter to Magistrate Judge Shepard for pretrial supervision and resolution of non-dispositive motions.  (ECF No. 9).

Since the Court's referral, Magistrate Judge Shepard has scheduled two telephonic status conferences and a show cause hearing.  (Notice [non-document] dated 12/02/2025; Notice [non-document] dated 12/22/2025; Notice [non-document] dated 1/14/2026).  Plaintiff failed to attend either of the scheduled status conferences or the show cause hearing and otherwise failed to respond to any of the Court's notices.  ([Non-document] dated 12/18/2025; [Non-document] dated

1

1/12/2026; [Non-document] dated 1/27/2026).  The record indicates that notices have been mailed to Plaintiff ahead of each conference and hearing.  On February 19, 2026, Magistrate Judge Reuben, filed a Report and Recommendation ('R&R"), recommending that the Court dismiss this action, without prejudice, for Plaintiff's failure to prosecute.  (ECF No. 11).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within 14 days after service.  The R&R also gave the parties notice of the 14-day time limit for filing objections. (*Id.* at PageID #61–70).  On February 19, 2026, a copy of the R&R was mailed to Plaintiff's address of record.  As a result, any objections by the parties were due on March 8, 2026.  As of the date of this Order, more than one month after the R&R was filed, no objection has been filed.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt the R&R without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42, 149–50 (1985).  Accordingly, the Court **ADOPTS** Magistrate Judge Shepard's R&R, incorporates it fully herein by reference, and **DISMISSES** Plaintiff's amended complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: March 23, 2026

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**

2